UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFERY J. ROBINSON, ET AL.                    CIVIL ACTION

VERSUS                                          NO: 13-5694

COLON MOISES, ET AL.                            SECTION: "A" (1)

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 9)** filed by plaintiffs, Jeffery J. Robinson, Marvin Dabney, and Martin Avilla. Defendants, Moises Colon, Evans Badiau Trucking, Inc., and FedEx Custom Critical, Inc. (hereinafter "the FedEx parties"), oppose the motion. The motion, scheduled for submission on November 6, 2013, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

### I. BACKGROUND

This lawsuit arises out of a motor vehicle collision that occurred in New Orleans, Louisiana on July 19, 2012. Plaintiff Jeffery J. Robinson was driving a Ford U-Haul in the right lane (eastbound direction) of North Claiborne Avenue near its intersection with Interstate 10 and Pauger Street. (Petition ¶ VI). Robinson alleges that defendant Moises Colon, who was operating a tractor-trailer, crossed over from his lane of travel into Robinson's lane and collided with him. (*Id.*). Robinson alleges significant personal injuries as a result of the accident. Plaintiffs Marvin Dabney and Martin Avilla, who were riding in the U-Haul truck's extended cab area at the time of the collision, also allege injuries. (*Id.*).

Plaintiffs filed suit against the Fedex parties and U-Haul Co. of Louisiana in state court. Plaintiffs and U-Haul Co. are Louisiana citizens so the parties are not completely diverse in citizenship. The FedEx parties nonetheless removed the suit to this Court alleging

that Plaintiffs had improperly joined U-Haul because Plaintiffs alleged no acts of negligence by U-Haul thereby triggering application of the Graves Amendment to the Federal Transportation Equity Act.[1] According to the FedEx parties, removal was proper because Plaintiffs would have no possibility of recovery against U-Haul under state law in light of the Graves Amendment. (Rec. Doc. 1, Notice of Removal).

Plaintiffs filed an "opposition" to the Notice of Removal challenging the FedEx parties' contentions with respect to the claim against U-Haul. Via an Order entered on October 22, 2013, the Court informed the parties that it would construe the "opposition" as a motion to remand, which would be submitted for consideration on the Court's November 6, 2013 submission date. (Rec. Doc. 12). The FedEx parties timely filed their response. (Rec. Doc. 13).

## II. DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (*citing Griggs v. Kennedy Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Defendants

---

[1] Section 30106 of Title 49, entitled Rented or Leased Motor Vehicle Safety and Responsibility, provides in relevant part:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a) (West 2007).

2

do not allege actual fraud in the pleadings so only the second method of establishing improper joinder is at issue.

The test for the second category of fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (*citing Travis*, 326 F.3d at 648). Stated differently, this requires that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.*

A court may resolve the question of whether the plaintiff has a reasonable basis for recovery under state law in one of two ways. The court may conduct a Rule 12(b)(6)—type analysis, looking initially at the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Smallwood*, 385 F.3d at 573 (*citing McKee v. Kansas City S. Ry.*, 358 F.3d 329, 334 (5th Cir. 2004)). Ordinarily if the plaintiff can survive a Rule 12(b)(6) challenge then there is no improper joinder. *Id.*

Where a plaintiff appears to state a claim but has perhaps misstated or omitted discrete facts that would determine the propriety of joinder, the district court may in its discretion pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573 (*citing Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 389 n.10 (5th Cir. 2000)). A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant. *Id.* (*citing Irby*, 326 F.3d at 648-49). But any piercing of the pleadings should not entail substantial hearings. *Id.* Attempting to proceed beyond a summary process, particularly one that involves discovery, carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the

3

merits. *Id.* Indeed, the inability to make the requisite decision in a summary manner itself points to the inability of the removing party to carry its burden. *Id.*

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)).

Plaintiffs point out in their opposition that they are not suing U-Haul for its own fault. In fact, Plaintiffs clearly alleged in their petition that the basis of the claim against U-Haul was a policy of insurance that the company had issued to Jeffery Robinson. (Petition ¶ V). Thus, the Graves Amendment, upon which the FedEx parties relied for their assertion of improper joinder when removing the case, is not implicated in this case.

According to Robinson, he purchased the insurance that U-Haul offered him after he informed U-Haul that he did not have insurance of his own. (Rec. Doc. 9 at 2 & Exh.). Robinson characterizes the policy that he purchased as encompassing "full coverage." (Rec. Doc. 9 at 7). If the policy does in fact afford full coverage then it may very well include an aspect of uninsured motorist coverage such that Robinson could make a claim on the policy for his own injuries. The terms of the policy itself will govern whether Robinson has a claim against U-Haul. The question is one that sounds in contract, not in the generic insurance law that the FedEx parties argue in their memorandum. Furthermore, even assuming that the policy has no aspect of UM coverage to benefit Robinson, the FedEx parties' position ignores

the other two plaintiffs in the case, Marvin Dabney and Martin Avilla, who may themselves be able to assert claims against the policy that Robinson purchased.

In sum, the FedEx parties have not established that Plaintiffs have no possibility of recovery against the non-diverse defendant under state law. The FedEx parties have not established the improper joinder of U-Haul Co. of Louisiana and the case must therefore be remanded.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 9)** filed by plaintiffs, Jeffery J. Robinson, Marvin Dabney, and Martin Avilla is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c);

**IT IS FURTHER ORDERED** that **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 14)** that U-Haul Co. of Louisiana filed into the record of this proceeding is **DISMISSED** as the Court is completely without jurisdiction to entertain a merits-based motion by a non-diverse defendant.

November 8, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE